UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

**In re:**

**MCPHERSON, Edward N.**  **Chapter 13**
**SSN: xxx xx 5272**  **Case No. 10-22484-WCH**
         **Debtor(s)**

**ORDER CONFIRMING CHAPTER 13 PLAN**

The Debtor(s) filed an amended Chapter 13 Plan (the "Plan") on May 23, 2011. The Debtor(s) filed a Certificate of Service on May 23, 2011, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 36 months.

2. The Debtor(s) shall pay to the Chapter 13 Trustee the sum of $488.00 per month commencing January 1, 2011 which payments shall continue through the completion of the Plan and shall be made on the 1st day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: Carolyn A. Bankowski, Chapter 13 Trustee, P.O. Box 1131, Memphis, TN 38101-1131.

3. The effective date of confirmation of the Plan is January 1, 2011. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Unless otherwise ordered by the court, all property of the estate as defined in U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The Debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court. The Debtor(s) shall be responsible for preserving and protecting property of the estate.

Dated: November 17, 2011

*William P. Hillman*
United States Bankruptcy Judge   11/17/2011

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**MCPHERSON, Edward N.**　　　　　　　　　　**Chapter 13**
**SSN: xxx xx 5272**　　　　　　　　　　　　　　**Case No.  10-22484-WCH**
　　　　　**Debtor(s)**

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

**1.    MODIFIED SECURED CLAIMS**

A.    The Debtor is modifying the secured claim of <u>Wells Fargo</u> with respect to the <u>2007 Toyota Camry</u> as follows:  The Debtor is surrendering the property to <u>Wells Fargo</u>.

B.    The Debtor is modifying the secured claim of <u>Ford Motor Credit</u> with respect to the <u>2002 Ford F150</u> as follows:  The Debtor is surrendering the property to <u>Ford Motor Credit</u>.

**2.    UNMODIFIED SECURED CLAIMS**

A.    <u>Bank of Canton</u> is retaining its lien on <u>17 Oregon Street, Marshfield, MA</u> with respect to the first mortgage. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with <u>Bank of Canton</u>.

B.    <u>Citibank</u> is retaining its lien on <u>17 Oregon Street, Marshfield, MA</u> with respect to the second mortgage. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with <u>Citibank</u>.  <u>Citibank</u> will be paid its pre-petition arrearage in the sum of <u>$7,000.00</u> over <u>36</u> months in the sum of <u>$194.44</u> per month.

**3.    ADMINISTRATIVE CLAIMS**

Richard Askenase, Esq. will be paid <u>$2,000.00</u> over <u>12</u> months.

**4.    PRIORITY CLAIMS**

MDOR　　　　　　　　　Taxes　　　　　　　　　<u>$1,843.00</u> over <u>36</u> months.

**5.    UNSECURED CLAIMS**

The holders of unsecured claims totaling <u>$27,485.00</u> shall receive a dividend of no less than <u>18.00%</u>.

**6.    OTHER PERTINENT PROVISIONS**

NONE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

    MCPHERSON, Edward N.                    Chapter 13
    SSN: xxx xx 5272                           Case No. 10-22484-WCH
                Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within proposed order of confirmation was served upon the debtor, debtor's counsel of record and all parties and attorneys who have filed appearances and requests for service of pleadings, per the following service list, by first class mail, postage prepaid.

Dated: October 17, 2011                              Respectfully submitted,

                                                      By:  **/s/ Carolyn Bankowski**
                                                      Carolyn Bankowski, BBO #631056
                                                      Patricia A. Remer, BBO #639594
                                                      Office of the Chapter 13 Trustee
                                                      P.O. Box 8250
                                                      Boston, MA 02114-0033
                                                      617-723-1313

## SERVICE LIST

| | |
|---|---|
| Edward Norbert McPherson<br>PO Box 675<br>Marshfield, MA 02050 | Mitchell J. Levine, Esq.<br>Counsel for Ford Motor Credit Company LLC<br>Nair & Levin, P.C.<br>707 Bloomfield Avenue<br>Bloomfield, CT 06002 |
| Richard Askenase, Esq.<br>One Thompson Square<br>Fourth Floor<br>Charlestown, MA 02129 | Mitchell J. Levine, Esq.<br>Counsel for WELLS FARGO BANK, N.A.<br>Nair & Levin, P.C.<br>707 Bloomfield Avenue<br>Bloomfield, CT 06002 |
| Gale Erb<br>MDOR/CSE<br>P.O. Box 9561<br>Boston, MA 02114 | GE Money Bank<br>c/o Recovery Management Systems Corp.<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605<br>Attn: Ramesh Singh |